**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

EDWARD JONES,

      *Plaintiff*,

  v.

FALCONWOOD INC.,

      *Defendant*.

Civil Action No. 23 - 2490 (LLA)

---

**MEMORANDUM OPINION AND ORDER**

Plaintiff Edward Jones brought this action against Defendant Falconwood, Inc., alleging retaliation in violation of the National Defense Authorization Act ("NDAA"), 41 U.S.C. § 4712; the False Claims Act, 31 U.S.C. § 3730(h); and 42 U.S.C. § 1981.  ECF No. 1.  On March 31, 2026, the court granted summary judgment to Defendant Falconwood.  ECF Nos. 29, 30.  Mr. Jones, now proceeding pro se, has both appealed the court's decision to the D.C. Circuit, *see* ECF No. 35, and filed several motions asking this court to reopen the case and provide relief from judgment by reversing its summary-judgment decision, ECF Nos. 48, 52, 56.  Falconwood has filed an omnibus opposition to Mr. Jones's motions, ECF No. 57, and Mr. Jones has filed a reply, ECF No. 58.  Mr. Jones has also sought leave to file a motion to modify the record, ECF No. 50, which the court granted leave to file, *see* Jul. 23, 2026 Minute Order.  The court denies Mr. Jones's motions to reopen the case, provide relief from judgment, and reconsider its prior rulings on the merits, and it denies his motion to modify the record as moot.

Although Mr. Jones did not initially specify the basis for his motions, he clarifies in his reply that he seeks relief under Federal Rule of Civil Procedure 60(b).[1]  *See* ECF No. 58, at 2. Under Rule 60(b), the court may "relieve a party . . . from a final judgment" for one of six reasons: (1) "mistake, inadvertence, surprise, or excusable neglect"; (2) "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)"; (3) "fraud . . . , misrepresentation, or misconduct by an opposing party"; (4) "the judgment is void"; (5) "the judgment has been satisfied, released, or discharged" or applying it would "no longer [be] equitable"; or (6) "any other reason that justifies relief."  Fed. R. Civ. P. 60(b)(1)-(6).  "Rule 60(b) is not 'a vehicle for presenting theories or arguments that could have been raised previously.'"  *Walsh v. Hagee*, 10 F. Supp. 3d 15, 19 (D.D.C. 2013) (quoting *Fund for Animals v. Williams*, 311 F. Supp. 2d 1, 5 (D.D.C. 2004)).  "The decision to grant or deny a [R]ule 60(b) motion is committed to the discretion of the District Court."  *Kareem v. Fed. Deposit Ins. Corp.*, 811 F. Supp. 2d 279, 282 (D.D.C. 2011) (quoting *United Mine Workers of Am. 1974 Pension v. Pittston Co.*, 984 F.2d 469, 476 (D.C. Cir. 1993)).  Motions for reconsideration are disfavored and granted only in extraordinary cases.  *Cornish v. Dudas*, 813 F. Supp. 2d 147, 148 (D.D.C. 2011).

Mr. Jones first seeks relief for the court's purported "error of fact or law."  ECF No. 56, at 3.  Rule 60(b)(1) grants the court discretion to "relieve a party . . . from a final judgment" for "mistake, inadvertence, surprise, or excusable neglect."  Fed. R. Civ. P. 60(b)(1).  "[I]t is

---

[1] Falconwood assumes that Mr. Jones has sought reconsideration of the court's judgment under Rule 59(e) and accordingly argues that Mr. Jones's motion is untimely.  *See* ECF No. 57, at 4; *see* Fed. R. Civ. P. 59(e) (requiring that motions for reconsideration be filed within twenty-eight days from the entry of final judgment).  The court agrees that Mr. Jones's motions would be untimely if they sought relief under Rule 59, but because Mr. Jones disclaims Rule 59(e) as a basis for relief, *see* ECF No. 58, at 5, it need not consider Falconwood's argument.

well-established that motions for reconsideration, whatever their procedural basis, cannot be used as an opportunity to reargue facts and theories upon which a court has already ruled." *Ali v. Carnegie Inst. of Wash.*, 309 F.R.D. 77, 81 (D.D.C. 2015) (internal quotation marks omitted) (quoting *Est. of Gaither ex rel. Gaither v. District of Columbia*, 771 F. Supp. 2d 5, 10 (D.D.C. 2011)).   Here, Mr. Jones raises several purported errors, mainly seeking to reassert theories this court has already rejected and to "reverse" the court's judgment.   None provides a basis for the court to reopen the case.

Mr. Jones first argues that the court should "reverse its decision" granting Falconwood's motion for summary judgment because the "Statement of Disputed Facts" appended to his opposition to summary judgment, ECF No. 22-24, "documents numerous issues of material facts" and evidence "such that a reasonable jury could return a verdict in favor of" Mr. Jones.   ECF No. 48, at 1; *see* ECF No. 52, at 1 (repeating the same argument); ECF No 56, at 1 (same).   But this conclusory assertion merely restates the standard for summary judgment, which the court already applied to Mr. Jones's undisputed material facts.   *See* ECF No. 29, at 18-21 (granting Falconwood summary judgment on the NDAA claim based on undisputed facts); *id.* at 22-29 (concluding that Mr. Jones failed to offer evidence sufficient for a jury to disbelieve Falconwood's non-retaliatory reason for its decisions).   Mr. Jones fails to identify any errors in the court's analysis, but instead impermissibly seeks to relitigate theories the court has already rejected.   *See Walsh*, 10 F. Supp. 3d at 19 (quoting *Fund for Animals*, 311 F. Supp. 2d at 5)).

Mr. Jones next argues that the court erred in dismissing his NDAA claim for failure to exhaust.   *See* ECF No. 58, at 2-5.   He does not dispute the court's conclusion that he failed to satisfy the NDAA's waiting period between the filing of an administrative complaint and the commencement of a civil action; instead, Mr. Jones argues again that the exhaustion requirement

is optional.  *See* ECF No. 52, at 2-3; ECF No. 56, at 2-3.  But the court has already considered and rejected this argument.  In its memorandum opinion, the court explained that the text and structure of the NDAA "make[] clear that exhausting administrative remedies is a mandatory precursor to filing suit."  ECF No. 29, at 19.  The court thus agreed with the other courts in this district that "have consistently recognized that the NDAA contains a mandatory exhaustion requirement."  *Id.* at 20 (collecting cases).  Mr. Jones fails to advance any argument to the contrary.  He also argues that "regardless of precedents, a disputed issue of fact is not a basis to grant" a motion for summary judgment, *see* ECF No. 52, at 2, but the court's determination rests on a pure conclusion of law, not any dispute of fact.

Mr. Jones also suggests that he seeks to set aside the court's judgment on the basis of fraud. ECF No. 58, at 4, 6-7.  In particular, he argues that Falconwood committed fraud with respect to its timekeeping and billing practices while Mr. Jones was employed there.  *See id.* at 7-8.  This argument "misunderstands Rule 60(b)(3)'s purpose" because it focuses on fraud that predated this suit.  *In re Hope 7 Monroe St. Ltd. P'ship*, 743 F.3d 867, 875 (D.C. Cir. 2014).  Rule 60(b)(3), on the other hand, "is concerned with 'fraud perpetrated in the course of litigation.'"  *Id.* (quoting *Roger Edwards, LLC v. Fiddes & Son. Ltd.*, 427 F.3d 129, 134 (1st Cir. 2005)).  Because Mr. Jones's claims of fraud relate to his employment with Falconwood rather than Falconwood's participation in this lawsuit, relief under Rule 60(b)(3) is not warranted.

Accordingly, for the foregoing reasons, it is hereby **ORDERED** that Mr. Jones's Motion for Relief From Judgment, ECF No. 48, Motion for Reconsideration, ECF No. 52, and Emergency Motion to Reopen, ECF No. 56, are **DENIED**.  It is further **ORDERED** that his Motion to Modify the Record, ECF No. 59, is **DENIED** as moot.

**SO ORDERED.**

4

_____

LOREN L. ALIKHAN
United States District Judge

Date:   July 24, 2026